IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH AGOSTINELLI,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-1801** |
| | : | |
| **MCDONALD'S CORPORATION,** *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

Plaintiff Kenneth Agostinelli brings this action against McDonald's Corporation and LFS & LPS, Ltd.[1] after he was burned by coffee that was dropped on his lap by a McDonald's employee. Agostinelli seeks to proceed *in forma pauperis*. For the following reasons, Agostinelli's motion to proceed *in forma pauperis* will be granted. However, his Complaint will be dismissed for lack of subject matter jurisdiction. Because Agostinelli's Complaint will be dismissed without prejudice, he will be granted the option of filing an amended complaint.

**I.    FACTUAL ALLEGATIONS**

Agostinelli's claims relate to injuries he sustained at a McDonald's restaurant located in Exton, Pennsylvania. On July 29, 2020, Agostinelli and his wife ordered five large coffees at McDonald's. Due to COVID-19 restrictions in place at that time, Agostinelli and his wife were instructed to wait in their car for the coffees to be brought to them. A McDonald's employee arrived at their car carrying five large coffees in a four-cup carrier, with the fifth cup of coffee stacked in the middle "pyramid-style." As the employee passed the cup holder through Agostinelli's car window, the cup carrier collapsed, causing all five coffees to fall and "burst[]

---

[1] Agostinelli does not provide any information about LFS & LPS, Ltd., including whether the acronyms "LFS" and "LPS" stand for anything.

open" onto Agostinelli's lap.  Agostinelli experienced "excruciating pain" from the "scalding" coffee that McDonald's allegedly brews at 180-190 degrees.  He sustained burns, blisters, and scarring on his genitals and upper thighs.  Agostinelli states that due to COVID restrictions, he could not go to the emergency room or to his doctor's office.  Instead, his doctor wrote him a burn cream prescription and advised him over the phone how to treat the burns.

Based on the above allegations, Agostinelli filed this lawsuit against McDonald's Corporation and LFS & LPS, Ltd.[2]  He seeks over three million dollars in punitive damages and compensatory damages for pain and suffering, disfigurement, loss of enjoyment of life, post-traumatic stress, and emotional stress.

## II.     STANDARD OF REVIEW

Agostinelli's motion for leave to proceed *in forma pauperis* will be granted because it appears that he is incapable of paying the fees to commence this action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires dismissal of a complaint if it fails to state a claim.  Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000), which requires a determination of whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  Conclusory allegations do not suffice.  *Id.*

Moreover, a lack of subject matter jurisdiction requires dismissal of a case.  Fed. R. Civ. P. 12(h)(3); *see also Grp. Against Smog and Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) ("[A]n objection to subject matter jurisdiction may be raised at any time [and]

---

[2] Agostinelli does not explain the relationship between LFS & LPS, Ltd. and McDonald's Corporation, or its connection to his alleged harm.

2

a court may raise jurisdictional issues *sua sponte*. . . ."). A plaintiff commencing an action in federal court bears the burden of establishing subject matter jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." As Agostinelli is proceeding *pro se*, his allegations are construed liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Federal Claims

Agostinelli indicated in his Complaint that he intends to assert federal claims pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331. However, there is no discernable basis for a federal claim here. When asked "what federal Constitutional, statutory or treaty right is at issue" to form the basis of federal jurisdiction, Agostinelli listed "Tort law." But tort law—which governs personal injury actions like this one—does not, in and of itself, invoke federal jurisdiction. *See, e.g., Grasty v. Devon Courtyard by Marriott*, 222 F. App'x 230, 231 (3d Cir. 2007) (per curiam) (affirming district court's dismissal of complaint where the court "lacked subject matter jurisdiction over the personal injury complaint, as there was no federal question presented under 28 U.S.C. § 1331" and no diversity of citizenship). In other words, if Agostinelli intended to raise federal claims, they are "wholly insubstantial," *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015), and, therefore, insufficient to invoke the Court's federal question jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *see, e.g.*, *Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (concluding that *pro se* complaint purporting to raise "civil rights violations" failed to present a federal question when "[d]espite [plaintiff's] bare citations, none of his claims arise 'under the Constitution, laws, or treaties of the United

States,' 28 U.S.C. § 1331, nor does [plaintiff] seek a remedy granted by the Constitution or federal law."). Accordingly, any purported federal claims will be dismissed without prejudice for lack of subject matter jurisdiction.

### B. State Claims

Agostinelli's Complaint is best construed as raising claims under state tort law. The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants federal jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "complete diversity between all plaintiffs and all defendants," which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Residence alone is insufficient to establish domicile. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely."). Rather, "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Hovensa*, 652 F.3d at 344. A corporation is a citizen of the state in which it is incorporated as well as where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A partnership or other unincorporated association is a citizen of each state in which each of its partners or members are citizens. *Zambelli*, 592 F.3d at 420 (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182

(3d Cir. 2008)).  It is the plaintiff's burden to establish diversity of citizenship.  *See Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972); *Jackson v. Rosen*, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Agostinelli does not allege his citizenship or that of the Defendants.  Rather, he provides Pennsylvania addresses for himself and for Defendant LFS & LPS, Ltd., and an Illinois address for Defendant McDonald's Corporation.  Although these addresses may suggest that he and at least one Defendant are Pennsylvania citizens, which would defeat diversity, they are not conclusive.  Because it is unclear from the allegations whether the parties are completely diverse, Agostinelli has not met his burden of establishing subject matter jurisdiction over his state law claims in this case.  However, he will be given an opportunity to file an amended complaint that clarifies his jurisdictional allegations in the event he can allege a basis for jurisdiction.  Alternatively, he may opt to refile his claims in state court, where federal jurisdiction will not be an issue.

IV. **CONCLUSION**

For the foregoing reasons, this case will be dismissed for lack of subject matter jurisdiction.  The dismissal will be without prejudice to Agostinelli filing an amended complaint in the event he can allege a basis for subject matter jurisdiction over his state law claims.  An appropriate order follows, which provides further instruction as to amendment.

                                             **BY THE COURT:**

                                             /s/Wendy Beetlestone, J.

                                             **WENDY BEETLESTONE, J.**