IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH AGOSTINELLI,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1801 |
| | : | |
| **MCDONALD'S CORPORATION,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 5th day of July, 2022, upon consideration of Plaintiff Kenneth Agostinelli's Motion to Proceed *In Forma Pauperis* (ECF No. 1) and Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction for the reasons stated in the Memorandum Opinion.

4. Agostinelli may file an amended complaint within thirty (30) days of the date of this Order in the event he can state a basis for federal jurisdiction over his state law claims. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Agostinelli's claims against each defendant. **The amended complaint also must clearly state the basis for the Court's diversity jurisdiction, including by alleging the citizenship of each party to the best of Agostinelli's ability.** The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Agostinelli should be mindful of the reasons his

claims were dismissed, as explained in the Memorandum Opinion. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED**.

5. The Clerk of Court is **DIRECTED** to send Agostinelli a blank copy of the current standard complaint to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Agostinelli may use this form to file his amended complaint if he chooses to do so.[1]

6. If Agostinelli does not wish to amend and instead intends to stand on his Complaint as originally pled, he may file a notice within thirty (30) days of the date of this Order stating that intent, at which time a final order dismissing the case will be issued. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case (22-1801). *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7. If Agostinelli fails to file any response to this Order, the Court will conclude that

---

[1] This form is available on the Court's website at https://www.paed.uscourts.gov/documents/forms/frmcgenf.pdf.

he intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).